THE STATE OF OHIO, APPELLANT, *v.* MCGLONE, APPELLEE.

[Cite as State *v.* McGlone (1991), 59 Ohio St. 3d 122.]

(No. 90-525—Submitted February 6, 1991—Decided May 1, 1991.)

*Donald W. White,* prosecuting attorney, and *David Henry Hoffmann,* for appellant.

*T. David Burgess,* for appellee.

MOYER, C.J. Whether McGlone was intoxicated before or after he entered his car is neither a necessary nor proper distinction when considering a violation of the drunken driving statutes. The focus of the inquiry is upon an individual's level of intoxication while operating the vehicle, not when or how such individual came to be in an intoxicated condition. Thus, in this case we are concerned with whether McGlone operated a motor vehicle while intoxicated in violation of R.C. 4511.19(A)(1) and (3).

This court has held previously that driving and operating a motor vehicle are not synonymous. We observed in *Cleary, supra,* at 199, 22 OBR at 352, 490 N.E. 2d at 575, that: "Operation of a motor vehicle within contemplation of the statute is a broader term than mere driving and a person in the driver's position in the front seat with the ignition key in his possession indicating either his actual or potential movement of the vehicle while under the influence of alcohol * * * can be found in violation of R.C. 4511.19 (A)(1)."

McGlone was sitting in the driver's seat of his car with the motor running. The car was under his control. He could have moved the car whenever he wanted and, in fact, admitted he had been driving the car. A breathalyzer test showed he was legally under the influence of alcohol. In spite of these facts, McGlone urges us to agree with the court of appeals and consider him both reasonable and prudent because he drove from a public highway into the driveway of a private residence

and fell asleep. We do not share the commendations given his conduct by a majority of the court of appeals.

R.C. 4511.19 is not only directed to those who drive on public streets. It prohibits the operation of a motor vehicle anywhere in the state while the driver is under the influence of drugs or alcohol. We agree with the dissent's observation in the court of appeals that: "If you are under the influence [of alcohol or drugs], don't drive or put yourself in a position of control of a vehicle. If you do, you pay the penalty." Had McGlone struck a car or a person in the driveway as a result of his intoxication, his conduct would have been no less reprehensible than if he had struck a person or another vehicle on the highway.

As we said in *Cleary*: "A person under the influence of alcohol or any drug of abuse behind the wheel of a motor vehicle is the obvious hazard at which the statute is directed whether the vehicle is stationary or in motion."

*Id.* at 201, 22 OBR at 354, 490 N.E. 2d at 577. We follow the rationale adopted in *Cleary* and hold that McGlone was operating his vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1) and (3), and that the trial court erred when it granted McGlone's motion to dismiss. We hold that an intoxicated person who is in the driver's seat of a motor vehicle parked on private or public property with the key in the ignition is operating the vehicle in violation of R.C. 4511.19(A)(1).

The judgment of the court of appeals is reversed and the cause is remanded to the trial court for further proceedings.

*Judgment reversed
and cause remanded.*

SWEENEY, HOLMES, DOUGLAS, WRIGHT and RESNICK, JJ., concur.

H. BROWN, J., dissents.