[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendant-Appellant Keith D. Heck appeals a judgment of the Court of Common Pleas of Marion County entered pursuant to a jury verdict of guilty on one count of Driving Under the Influence in violation of R.C. 4511.19(A)(1), one count of Driving Under the Influence in violation of R.C. 4511.19(A)(2)[1]
and one count of Driving Under Suspension in violation of R.C.4507.02. We affirm.
On March 27, 1997, Cindy Peel, a resident of Marion, Ohio telephoned the Marion Police Department from her home at approximately 2:30 a.m. to inform the department of a loud argument that was taking place in and around a van that had been parked in the middle of Ballentine Avenue. Three members of the Marion Police Department responded to the scene and found Appellant sitting in the driver's seat of the van; he was facing an open driver's side door with his feet dangling outside. Appellant was arguing with Ernest Wesley, Jr., who was standing outside of the van.
The officers began to question the two men and determined that they had just come from a local tavern and that the van belonged to Appellant. The officers also suspected that both men were under the influence of alcohol. Wesley was allowed to walk to his home which was located on Ballentine Avenue. Appellant was then asked to submit to certain field sobriety tests. Appellant complied with the request and performed poorly on the tests. The officers subsequently placed Appellant under arrest for driving under the influence and driving under suspension.[2]
The officers then began to look for the keys to Appellant's vehicle. Appellant had stated that the keys had been broken during the course of the argument with Wesley. Patrolman Brian Saterfield located Appellant's keys on the floorboard under the driver's seat. The ignition key was not broken, but it had been bent to an angle which appeared to be between forty-five and ninety degrees. The van was towed by a local towing service shortly thereafter.
Appellant was then taken to the Marion Police Station where he was advised of his Miranda rights and the consequences of refusing to submit to a breathalyzer test. Appellant submitted to the test, which yielded a result of .177 blood-alcohol content.
On April 3, 1997, Appellant was indicted by the grand jury; he later entered pleas of not guilty to all three charges. The case was tried to a jury on September 15 and 16, 1997, wherein the defense stipulated to three facts: (1) Appellant had been convicted of or pled guilty to three or more violations of driving under the influence within the past six years; (2) Appellant's license had been under suspension on the date of the offense; and (3) the Marion Police Department followed all appropriate testing procedures for Appellant's breathalyzer test to result in a .177.
The defense stipulated to these facts because its primary argument was that Appellant was not operating the vehicle at the time that he was under the influence of alcohol. Counsel for Appellant made a motion for acquittal pursuant to Crim.R. 29 at the end of the State's case in chief as well as at the close of all of the evidence. Said motions were based upon the argument that the State had failed to prove the element of operation. The trial court denied both motions.
The jury subsequently returned a verdict of guilty on all three charges.[3] On January 6, 1998, the trial court sentenced Appellant to a 140 day jail term, $1,500 in fines, and a maximum of five years of community control. The court also suspended Appellant's license for five years. The instant appeal followed.
Appellant asserts the following as his first two assignments of error:
I.
 The trial court erred in failing to sustain Defendant-Appellant's motion for acquittal made at the conclusion of the State's case as well as all the evidence when the only evidence presented was that Defendant-Appellant was found sitting in the driver's seat of his van with the door open and his legs between the door and the seat, facing the door with the ignition key lying under the front seat of the driver bent at a 90 degree angle.
II.
 The trial court erred in overruling Defendant-Appellant's motion for acquittal when the evidence showed that the van in question was in-operable.
We will address the foregoing assignments of error together as they raise similar issues for our review.
R.C. 4511.19(A)(1) and (2) states, in relevant part:
 (A) No person shall operate any vehicle * * * within this state, if any of the following apply:
 (1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse;
 (2) The person has a concentration of ten-hundredths of one per cent or more by weight of alcohol in his blood;
Crim.R. 29 states, in relevant part:
 (A) The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment * * * if the evidence is insufficient to sustain a conviction of such offense or offenses.
Appellant essentially argues that the trial court erred in denying both of his motions for acquittal since the evidence presented was not sufficient for the State to prove the element of operation. The Supreme Court of Ohio has established a standard for appellate courts to use when reviewing a claim of insufficient evidence:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
In applying the foregoing standard to the case sub judice, we find that any rational trier of fact could have concluded that the State proved beyond a reasonable doubt that Appellant had been operating a motor vehicle while under the influence of alcohol on March 27, 1997.
We acknowledge that each case involving the issue of operation must be decided on its own particular facts. State v.Shrader (Feb. 7, 1997), Ottawa No. 96-OT-037, unreported. However, in considering the specific facts of this case, we must also adhere to the broad definition of operation that the Supreme Court of Ohio has established:
 Operation of a motor vehicle within contemplation of the statute is a broader term than mere driving and a person in the driver's position in the front seat with the ignition key in his possession indicating either his actual or potential movement of the vehicle while under the influence of alcohol * * * can be found in violation of R.C. 4511.19(A)(1).
 State v. Cleary (1986), 22 Ohio St.3d 198, 199. See, also,State v. McGlone (1991), 59 Ohio St.3d 122; State v. Gill (1994),70 Ohio St.3d 150.
In the case at bar, Appellant was awake and seated in the driver's seat of a van that was parked in the middle of a lane of travel on Ballentine Avenue. The evidence established that the van had been driven just prior to the officers' arrival. Indeed, Cindy Peel testified that while she was watching the van from her window she saw it move a short distance down the road.
In addition, although the key was not in Appellant's hand nor in the ignition, we find that it was in Appellant's possession since he could have easily accessed it by picking it up off the floor, thereby indicating his potential to move the vehicle. Furthermore, although Appellant contends that the van was inoperable because the key was damaged, there was evidence that an officer and/or an employee of the towing company started the van with that same key before Appellant was transported to the police station.
The foregoing facts, therefore, lead us to conclude that any rational trier of fact could have determined that the State proved the element of operation beyond a reasonable doubt. Thus, the trial court did not err in denying Appellant's motion to acquit pursuant to Crim.R. 29.
Accordingly, we overrule Appellant's first and second assignments of error.
Appellant asserts the following as his third assignment of error:
 The verdict of the trial court was against the manifest weight of the evidence and without sufficiency of evidence beyond a reasonable doubt.
We note that Appellant's third assignment of error requires us to make two distinct inquiries since issues regarding sufficiency of the evidence and weight of the evidence are resolved through the use of two separate standards. State v.Thompkins (1997), 78 Ohio St.3d 380.
In order to decide whether the evidence presented at trial was sufficient to support a conviction, appellate courts are to use the Jenks standard that we have previously discussed. Statev. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). We have already held that under the Jenks standard, the evidence presented in this case was sufficient to sustain Appellant's driving under the influence convictions because any rational trier of fact could have found that the State proved each element beyond a reasonable doubt.
We also find that the evidence presented at Appellant's trial was sufficient to support a conviction for driving under suspension since any rational trier of fact could have found that the state proved said charge beyond a reasonable doubt. Although the Municipal Court of Gallipolis suspended Appellant's license from November 14, 1995 to November 14, 1997, Appellant was granted certain driving privileges. Specifically, Appellant was permitted to drive for purposes of employment and for "family necessities".
Appellant testified that he drove to a local tavern on the evening of March 27, 1997 in order to retrieve a pool cue that he had lent to a friend approximately three weeks before. He also testified that he considered that to be a family necessity. Even though the term "family necessities" was not defined by the Municipal Court of Gallipolis, we refuse to classify the retrieval of a pool cue from a local bar as a family necessity. Thus, we conclude that the evidence was sufficient to sustain the convictions for driving while under the influence and driving under suspension.
We now turn to the question of whether the jury verdicts were against the manifest weight of the evidence. In deciding whether a conviction is against the manifest weight of the evidence, the Supreme Court of Ohio has stated that appellate courts shall:
 [Review] the entire record, [weigh] the evidence and all reasonable inferences, [consider] the credibility of witnesses and [determine] whether in resolving conflicts in the evidence, the jury clearly lost its way and created a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 State v. Thompkins (1997), 78 Ohio St.3d 380, 387, citing State v.Martin (1983), 20 Ohio App.3d 172, 175. The Thompkins Court also cautioned appellate courts to use discretion and only reverse convictions in extraordinary cases where the evidence clearly weighs in favor of a reversal. State v. Thompkins (1997),78 Ohio St. 3d at 387.
In the case sub judice we cannot conclude that the jury lost its way in finding Appellant guilty of driving while under the influence. Although there was conflicting testimony presented at trial, we find that we agree with the factfinder's resolution of the conflicting testimony. This is not the extraordinary case where the evidence weighed heavily against a conviction.
In addition, we find that the driving under suspension conviction was also not against the manifest weight of the evidence in light of the facts previously discussed. Therefore, based upon the foregoing, we are not persuaded that the convictions were based on insufficient evidence or against the manifest weight of the evidence.
Accordingly, Appellant's third assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 BRYANT, J., and HADLEY, J., concur.
[1] The two charges of Driving Under the Influence were classified as fourth degree felonies due to the fact that Appellant had three prior, similar convictions within a six year time period.
[2] Appellant was charged with driving under suspension because it was determined that his license was suspended in 1995 by order of the Municipal Court of Gallipolis for a driving under the influence conviction.
[3] Prior to sentencing, the State dismissed Count II, Driving Under the Influence in violation of R.C. 4511.19(A)(2), pursuant to R.C. 2941.25.