OPINION
On February 6, 1999, appellant, Tammy Baker, was found asleep in her vehicle which was partially parked on a roadway. The engine was not running and the keys were not in the ignition. The keys were found inside appellant's pocket. Appellant submitted to field sobriety tests and a BAC test which registered .123. Appellant was subsequently charged with driving under the influence in violation of R.C. 4511.19 and parking in a roadway in violation of 4511.66. On April 23, 1999, appellant pled no contest to the charges upon stipulated facts. By judgment entry filed same date, the trial court found appellant guilty and sentenced her to one hundred eighty days in jail, all but ten days suspended, and ordered her to pay a total fine of $325.00 plus court costs. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I. THE COURT ERRED IN FINDING THE DEFENDANT GUILTY OF OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL WHERE THE STIPULATED FACTS CONSTITUTING THE BASIS FOR THE NO CONTEST PLEA DID NOT CONSTITUTE "OPERATION" OF A MOTOR VEHICLE PURSUANT TO SECTION 4511.19 OF THE OHIO REVISED CODE.
 I
Appellant claims the trial court's finding of guilt under the stipulated facts was against the manifest weight of the evidence. Appellant claims there was insufficient evidence to establish she was "operating" her vehicle. We disagree. On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997),78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. Appellant was found guilty of violating R.C. 4511.19 which states in pertinent part "[n]o person shall operate any vehicle * * * if * * * [t]he person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse." Appellant pled no contest to the charge after the following stipulated facts were read into the record: On February 6, 1999 in Licking county, Ohio, the Defendant, Tammy Baker, was found asleep in her car parked partially upon a country road. The engine was not running and the keys were not in the ignition. The keys were in the Defendant's sweatshirt pocket. The Defendant was asleep on the driver's side of the car. No one observed the Defendant driving or parking the car. The Defendant was awakened by emergency medical personnel and did not have any, and found not to have any medical problems. Defendant submitted to field sobriety tests and a BAC test which registered .123. * * * the keys were in the pocket of the sweatshirt which was within reach, either on or within reach of the Defendant and we would contend that she was capable of putting the vehicle into motion without exiting the vehicle.
T. at 2-3. The trial court found appellant guilty of "operating" a motor vehicle while under the influence of alcohol based upon State v. McGlone (1991), 59 Ohio St.3d 122, and State v. Cleary (1986), 22 Ohio St.3d 198. In Cleary at paragraph one of the syllabus, the Supreme Court of Ohio held "[o]peration of a motor vehicle within the contemplation of R.C. 4511.19(A) is a broader term than driving and a person in the driver's position in the front seat of the vehicle with the key in the ignition while under the influence of alcohol or any drug of abuse can be found in violation of the statute." Appellant argues the reported cases are distinguishable from her case because her keys were in her sweatshirt pocket as opposed to the ignition. As noted in the Cleary decision at 200, quoting from Mentor v. Giordano (1967),9 Ohio St.2d 140, 146, `each "drunken driving" case is to be decided on its own particular and peculiar facts.' (Emphasis sic.) As in Cleary, the issue sub judice is whether there was evidence that the accused was driving, had been driving or was attempting to drive. We find it commendable when individuals such as appellant become aware of their driving impairment and seek to remove themselves from the highway. Nevertheless, appellant was seated behind the wheel of a vehicle partially parked on the roadway. This is a clear indication that appellant operated the vehicle to that point and attempted, albeit unsuccessfully, to remove herself from the path of travel. Upon review, we conclude there was sufficient credible evidence to find appellant had operated the motor vehicle. The sole assignment of error is denied.
The judgment of the Municipal Court of Licking County, Ohio is hereby affirmed.
By Farmer, J. Hoffman, P.J. and Edwards, J. concur.