[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Raising three assignments of error, defendant-appellant Bobby Edwards appeals his conviction for one count of operating a vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1).
In the first assignment of error, Edwards contends that the trial court erred in permitting the arresting officer, during redirect examination, to render for the first time an opinion as to whether Edwards had been under the influence of alcohol. As a general rule, the scope of redirect examination is limited to matters addressed by the adverse party on cross-examination.[1] It is within the discretion of the trial court to allow a witness to testify on redirect examination to facts that could have been elicited during his direct examination.[2] As the control of redirect examination is committed to the discretion of the trial court, a reversal upon that ground may be predicated upon nothing less than a clear abuse thereof.[3] Although the opinion given by Officer Shawn Khormann as to Edwards's state of sobriety was first introduced on redirect examination, the trial court gave Edwards's counsel ample opportunity to recross-examine Officer Khormann. This court and at least one other has endorsed the use of evidence first introduced on redirect examination when the trial court has given opposing counsel the opportunity to recross-examine the witness at the conclusion of redirect examination.[4] Furthermore, on direct examination, in this case, Officer Khormann had already testified that he had observed that Edwards had a pronounced odor of alcohol coming from his person, that he was glassy-eyed, disoriented, and confused, and that he had handed over his pager when asked by Officer Khormann to show his driver's license. We conclude that the trial court did not abuse its discretion in admitting Officer Khormann's opinion testimony into evidence. Accordingly, we overrule the first assignment of error.
In the second assignment of error, Edwards contends that the trial court erred when it refused to give his jury instruction for the definition of a motor vehicle's operation, which would have given to the trier of fact the discretion to make a finding, that under the conditions and circumstances of this case, Edwards was not "operating" the vehicle. Edwards cites to State v. Cleary (1986), 22 Ohio St.3d 198, 490 N.E.2d 574, paragraph one of the syllabus, in support of his contention. The Ohio Supreme Court has since eliminated any confusion concerning the definition of the term "operate" in State v. McGlone (1991),59 Ohio St.3d 122, 124, 570 N.E.2d 1115, 1117, by defining the term as follows:
 We hold that an intoxicated person who is in the driver's seat of a motor vehicle parked on private or public property with the key in the ignition is operating the vehicle in violation of R.C. 4511.19(A)(1).
As the Eighth District Court of Appeals has noted, "McGlone left absolutely no doubt that the mere presence of an intoxicated person in the driver's seat of a stationary vehicle with the keys in the ignition constitutes "operating" the vehicle and did not recognize any discretion for the jury to find otherwise."[5] Since McGlone, the Ohio Supreme Court has reiterated this definition in State v. Gill (1994),70 Ohio St.3d 150, 154, 637 N.E.2d 897, 900 stating in part,
 Accordingly, we hold that a person who is in the driver's seat of a motor vehicle with the ignition key in the ignition and who, in his or her body has a prohibited concentration of alcohol, is "operating" the vehicle within the meaning of R.C. 4511.19 whether or not the engine of the vehicle is running. * * * In each case, the defendant was intoxicated and in the driver's seat of his vehicle with the key in the ignition. That being so, Gill and Robinson were in violation of the statute. Cleary and McGlone, supra"
The Gill majority rejected arguments made in the dissent, similar to those made by Edwards, concerning the scope of the Cleary decision. In view of this, Edwards has failed to demonstrate that the trial court erred when it refused to use his definition of the term "operate" and, instead, used the definition set forth in 4 Ohio Jury Instructions (2000), Section 545.25(2). Accordingly, we overrule the second assignment of error.
In his third assignment of error, Edwards contends that the trial court erred when it failed to properly instruct the jury on the definition of reasonable doubt. The disputed portion of the instruction reads as follows:
 [I]f after a full and impartial consideration of all of the evidence, you are firmly convinced of the truth of the charge, the state has proved its case beyond a reasonable doubt and you should return a verdict of guilty. If you are not convinced of the truth of the charge, you must find the defendant not guilty.
Edwards failed to bring the omission of "firmly" from the second sentence to the attention of the trial court prior to the jury's deliberations. The failure to object to a jury instruction constitutes a waiver of any claim of error relative thereto, unless, but for the error, the outcome of the trial clearly would have been otherwise.[6]
The prosecution presented a significant amount of evidence to prove Edwards's guilt. Officer Eric Kirkland testified that Edwards had been slumped behind the wheel in the driver's seat of his parked pickup truck, with the keys in the ignition, and had an odor of alcohol about his person, and that once Edwards was in the police cruiser, the officer noted his watery and bloodshot eyes, slurred speech and speech that was hard to understand, and Edwards's refusal to take field-sobriety tests. Officer Khormann noted that there was a pronounced odor of alcohol. When the officer asked Edwards for his driver's license, Edwards showed him his pager. Officer Khormann further testified that Edwards was glassy-eyed, disoriented, and confused, and that he later refused to submit to an intoxilyzer test. He described Edwards as unsteady on his feet and worried that he might trip and fall, although other handcuffed prisoners who were not intoxicated did not present him with a similar concern. On the way to the Hamilton County Justice Center, Edwards stated only that "he was more tired than drunk." We also note that the jury was given a correct written copy of the jury instructions to use as needed in their deliberations, and that the copy appropriately included the word "firmly." Thus, we are not convinced the outcome of the trial would clearly have been different if the jury instruction had been given verbatim by the trial court while the jury while was still in the courtroom. Accordingly, we overrule the third assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Doan and Winkler, JJ.
[1] See Holtz v. Dick (1884), 42 Ohio St. 23, paragraph seven of the syllabus.
[2] See State v. Brar (June 2, 1999) Summit App. No. C.A. 19291, unreported; State v. Dominguez (Jan. 29, 1999), Hamilton App. No. C-980148, unreported; State v. Thompson (May 15, 1995), Butler App. No. CA94-07-147, unreported.
[3] See State v. Wilson (1972), 30 Ohio St.2d 199, 204, 283 N.E.2d 632,636.
[4] See State v. Dominguez, supra; see, also, State v. Thompson,supra.
[5] Westlake v. Hoddinott (Mar. 2, 1995), Cuyahoga App. No. 67007, unreported.
[6] See State v. Underwood (1983), 3 Ohio St.3d 12, 444 N.E.2d 1332, syllabus; State v. Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraphs one and two of the syllabus; see, also, Crim.R.30(A).