OPINION
This appeal arises from Edward M. Pesa's ("Appellant's") conviction in Youngstown Municipal Court on one count of R.C. § 4511.19(A)(1), driving under the influence ("DUI"). Appellant argues that he was not "operating" the vehicle, which had run out of gas, and that he could not therefore be convicted of violating R.C. § 4511.19(A)(1). Appellant's argument is without merit on the basis of State v. Gill (1994),70 Ohio St.3d 150, and his conviction and sentence are hereby affirmed.
On June 18, 1998, Appellant was arrested in the City of Youngstown for DUI and was also charged with impeding the flow of traffic, failure to produce a license, failure to provide proof of insurance and drug abuse. Appellant had been found sitting in the driver's seat of his car on Mahoning Avenue in Youngstown. His car was stopped at a traffic light with its lights off. There were also two women in the car. On January 26, 1999, Appellant stipulated that he was sitting in the driver's seat of the car with the key in the ignition. The parties also stipulated that Appellant said that the car was out of gas when he was stopped by the police. An officer administered field sobriety tests, and later found a rock of suspected crack cocaine in Appellant's pants' pocket.
The case was set for trial to the court. On August 30, 1999, the trial court found Appellant guilty of the DUI charge and of impeding the flow of traffic in violation of Youngstown Ordinance 333.04. On December 17, 1999, Appellant was sentenced to six months in jail with all but thirty days suspended, a $500.00 fine, court costs, five years of probation, a license suspension, vehicle impoundment and an additional $25.00 fine for impeding traffic.
On January 6, 2000, Appellant filed this timely appeal.
Appellant presents a single assignment of error which asserts:
 "THE TRIAL COURT ERRED IN FINDING THE DEFENDANT GUILTY AS THE STATE FAILED TO PRODUCE SUFFICIENT EVIDENCE FROM WHICH A RATIONAL TRIER OF FACT COULD HAVE FOUND THE EXISTENCE OF ALL OF THE ESSENTIAL ELEMENTS OF DRIVING UNDER THE INFLUENCE BEYOND A REASONABLE DOUBT."
Appellant's entire argument on appeal is that there was insufficient evidence to support an essential element of driving under the influence, namely, that he was operating the vehicle at the time he was arrested.
R.C. § 4511.19(A) states, in pertinent part: "[n]o person shalloperate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply: (1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse." (Emphasis added.)
Appellant argues that the stipulated fact that his car was out of gas was proof that the car could not operate, and therefore the remaining evidence cannot possibly constitute proof that he was operating the car. Appellant cites State v. McKivigan (Jan. 27, 1989), Portage App. No. 1905, unreported, to support his argument. In McKivigan the court found that the state's evidence that the vehicle had run out of gas only demonstrated that the vehicle was in operation at some point, and did not necessarily prove that it was in operation contemporaneously with the driver being under the influence of alcohol. Id. at *5. A significant fact in McKivigan was that the officers did not observe the key in the ignition at any time. Id.
Appellant's reliance on McKivigan is misplaced. In State v. Gill
(1994), 70 Ohio St.3d 150, the Ohio Supreme Court held:
 "A person who is in the driver's seat of a motor vehicle with the ignition key in the ignition and who, in his or her body has a prohibited concentration of alcohol, is `operating' the vehicle within the meaning of R.C. 4511.19 whether or not the engine of the vehicle is running. (State v. Clearly [1996], 22 Ohio St.3d 198, 22 OBR 351, 490 N.E.2d 574; State v. McGlone [1991], 59 Ohio St.3d 122, 570 N.E.2d 1115, applied and followed.)"
Id. at syllabus; see also State v. McGlone (1991), 59 Ohio St.3d 122, syllabus; State v. Cleary (1986), 22 Ohio St.3d 198, paragraph one of syllabus. The issue of whether or not the engine needed to be running in order to satisfy the "operating" requirement was specifically addressed in Gill. The Supreme Court held, "it makes no difference that the engines of the motor vehicles were not running." Id. at 154. The only requirements for satisfying the "operation" element are that the defendant was found in the driver's seat of a motor vehicle with the key in the ignition, and that he had a prohibited concentration of alcohol in his body. Id.
In McKivigan there was no evidence that the key was in the ignition, so the state needed to provide other evidence to prove that the defendant had been operating the vehicle. The state actually introduced the defendant's statement that he had run out of gas. In so doing, the state apparently tried to create an inference that the car must have been operating before it had run out of gas and that the defendant must have been the person operating the automobile even though there was no other evidence that the automobile had been operated. It is this final inference, made to support an essential element of the state's case, that was rejected by the Eleventh District Court of Appeals in McKivigan.McKivigan at *5. In the instant case, the state does not rely on the empty gas tank to prove the essential elements of the DUI charge, because the key was in the ignition and Appellant was behind the wheel.
Appellant does not dispute that he was under the influence of alcohol. Appellant stipulated that he was sitting in the driver's seat with the key in the ignition. Thus, Appellant's admissions satisfy the requirements for Appellee's prima facie case pursuant to Gill. The remaining issue is whether or not Appellant's statement that the car was out of gas constitutes a defense to Appellee's evidence.
In a criminal case, when reviewing a claim of insufficient evidence, the, "relevant inquiry is whether any rational factfinder, viewing the evidence in a light most favorable to the state, could have found the essential elements of the crime proven beyond a reasonable doubt." Statev. Eley (1996), 77 Ohio St.3d 174, 179, citing State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of syllabus. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v.Thompkins (1997), 78 Ohio St.3d 380, 386. "`[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." Id., quoting Black's Law Dictionary (6 Ed. 1990), 1433. A conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982),457 U.S. 31, 45, citing Jackson v. Virginia (1979), 443 U.S. 307.
The Ohio Supreme Court has stated that, "[a] clear purpose of R.C.4511.19 is to discourage persons from putting themselves in a position in which they can potentially cause the movement of a motor vehicle while intoxicated * * *." Gill, supra, at 154. Whether a vehicle is operable such that it is incapable of movement may be raised as an affirmative defense to a charge of DUI. State v. Mackie (March 24, 1998), Hamilton App. No. C-96114J, unreported; State v. Gengler (Aug. 13, 1993), Portage App. No. 92-P-0107, unreported; State v. Allberry (Jan. 31, 1991), Hocking App. No. 90 CA 09, unreported; State v. McCain (Dec. 4, 1990), Gallia App. No. 89CA22, unreported. Appellate cases dealing with the operability or immobility of an automobile tend to be very fact specific, and we have found no case directly on point with the facts of the instant case.
A common thread of the cases dealing with operability of the automobile is the conduct of the defendant as it relates to his or her ability to cause actual or potential movement of the motor vehicle while under the influence of alcohol. State v. Shrader (Feb. 7, 1997), Ottawa App. No. OT-96-037, unreported.
The Allberry case cited above contains a thorough discussion of the inoperability defense:
 "[W]hen a defense of inoperability is raised and proven * * * the defendant may be entitled to an acquittal. Support for that position can be found in Jones v. State of Fla. (Fla.App. 1987), 510 So.2d 1147
wherein the court stated:
 "`The decision that the state is not required to prove in order to establish a case that the vehicle involved is "capable of immediate self powered mobility" is not determinative of the appeal by Ms. Jones. It readily appears that a person ought not be convicted of having a vehicle under his or her control while intoxicated when in fact the vehicle was inoperable, the intoxicated person did not operate the vehicle prior to its becoming disabled, and the vehicle's mechanical problems were such that it could not under any reasonable circumstances have been operated by the person accused. The fact of inoperability may be a defense and as such may be raised by the defendant. We agree with the Alabama Supreme Court [City of Godsden (1986) 495 So.2d 1144
(Ala.Sp.Ct.)] that operability is a factor to be considered when deciding whether a person was in actual physical control of a vehicle.'
 "From the reported decisions, degree of operability is a factor that must be considered. In State v. Smelter
(Wash.App. 1984), 674 P.2d 690 the court stated:
 "`The "reasonably capable of being rendered operable" standard employed by the trial court here distinguishes a car that runs out of gas on a major freeway near several exits and gas stations from a car with a cracked block which renders it "totally inoperable." The difficulty in attempting to formulate a unitary standard of operability arises from the necessity of setting out the degree of inoperability which will preclude prosecution under RCW 46.61, 504. The focus should not be narrowly upon the mechanical condition of the car when it comes to rest, but upon the status of its occupant and the nature of the authority he or she exerted over the vehicle in arriving at the place from which, by virtue of its inoperability, it can no longer move. Where, as here, circumstantial evidence permits a legitimate inference that the car was where it was and was performing as it was because of the defendant's choice, it follows that the defendant was in actual physical control. To hold otherwise could conceivably allow an intoxicated driver whose vehicle was rendered inoperable in a collision to escape prosecution. Such a result was avoided in Commonwealth v. Taylor, supra 352 A.2d at 140, in which the defendant's actual driving ended in a collision that sent his vehicle off the highway. He was seated on the driver's side after the crash, and the court noted that "it could be inferred that the car was where it was and the condition in which it was because of appellant's choice `from which it followed that appellant was in "actual physical control" and so was "operating" the car. . . .' This `physical control' continued in the appellant after the collision had immobilized his car.'" Id.
 "We agree that operability is a proper factor to be considered if raised as a defense and upon which the defendant has the burden. We further conclude as some authorities have held, it is enough to establish operability if the vehicle is reasonably capable of being made operable by the driver or others with him. Whether or not the vehicle was operable is a question for the trier of the facts."
Allberry, supra, at *4-*5.
Because it can almost always be inferred that the vehicle in question arrived at its destination because the vehicle was operable and was actually operated by someone, a prosecutor would rarely need to present additional proof of operability as part of its prima facie case. It is this permissible inference of operability which explains why, in Gill, the Ohio Supreme Court did not require additional proof of operability, such as the turning of the key in the ignition, as an essential element of driving while intoxicated.
When a defendant raises the defense of inoperability, he or she must overcome the inference of operability. A defendant bears the burden of proof, by a preponderance of the evidence, of an affirmative defense, including the defense that an automobile was inoperable such that it was incapable of movement:
 "Every person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof for all elements of the offense is upon the prosecution. The burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, for an affirmative defense, is upon the accused."
R.C. § 2901.05(A). Thus, the issues are whether Appellant presented sufficient evidence of his defense, and whether the trier of fact believed that evidence. It appears from the record that Appellant did not meet his burden of proof.
Appellant argues that there was a stipulation that the car was out of gas, and that this stipulation required a conclusion that the car was inoperable. This stipulation is not reflected in the record. The only stipulation in the record is that Appellant stated to the arrestingofficer that the car was out of gas. (6/18/98 Police Report). There is no stipulation as to the truth of Appellant's statement. The trial judge could have made a permissible inference from Appellant's statement that the car was out of gas, but such an inference was by no means required. "An inference is a permissible deduction which the jury may make from a set of facts that can be deduced by the ordinary principles of logic."State v. McCarthy (1969), 20 Ohio App.2d 275, 285, affirmed,26 Ohio St.2d 87 (emphasis added).
Even if we assume that Appellant's car was out of gas, that fact by itself does not necessarily show that the car was completely inoperable, either actually or potentially. A car that simply runs out of gas on a city street is reasonably capable of being rendered operable again by the mere step of adding gasoline, or by tilting the car so that the residual gas in the tank can reach the fuel lines.
Furthermore, even without gasoline an automobile is operable to a limited degree when the key is in the ignition. R.C. § 4511.01(A) prohibits the operation of "any vehicle" while under the influence of alcohol. "Vehicle," as used in this section, is defined in R.C. §4511.01(A):
 "`Vehicle' means every device, including a motorized bicycle, in, upon, or by which any person or property may be transported or drawn upon a highway, except motorized wheelchairs, devices moved by power collected from overhead electric trolley wires, or used exclusively upon stationary rails or tracks, and devices other than bicycles moved by human power."
An automobile without gasoline may nevertheless have the ability to move on a highway, or at least be capable of being drawn by another vehicle on a highway. An automobile without gas, therefore, continues to qualify as a "vehicle" under R.C. § 4511.19(A).
The case at bar is governed by the unambiguous holding in Gill because Appellant was found sitting in the driver's seat, with the key in the ignition and with a prohibited concentration of alcohol in his body. By proving those three facts, Appellee met its burden of providing a sufficient prima facie case with which to convict Appellant of a violation of R.C. § 4511.19(A).
We hold that a stipulation that a criminal defendant made a statement to an arresting officer that his car was out of gas is insufficient, by itself, to serve as a complete defense and to warrant the reversal of a conviction of DUI in violation of R.C. § 4511.19(A). Appellant's sole assignment of error is overruled, and his conviction and sentence are hereby affirmed.
Donofrio, J., concurs.
Vukovich, P.J., concurs.