JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant William Duckworth ("appellant") appeals his conviction in the Cleveland Municipal Court for operating a vehicle under the influence of alcohol in violation of Cleveland Codified Ordinance ("C.C.O.") 433.01(A)(1).[1] For the reasons set forth below, we affirm the judgment of the trial court.
{¶ 2} On December 13, 2000, the appellant filed his motion to suppress the evidence resulting from his arrest. The court denied the motion after an evidentiary hearing held on January 22, 2001. On March 28, 2001, the jury found appellant guilty of operating a vehicle under the influence of alcohol and guilty of slow speed/impeding the flow of traffic, in violation of C.C.O. 433.04. The appellant was sentenced to one hundred eighty days imprisonment and fined five hundred dollars.
{¶ 3} At the suppression hearing, the state presented the testimony of Cleveland Police Officer Gillard. Officer Gillard testified that on October 26, 2000, he received a radio assignment to respond to the intersection of East 105th and Euclid Avenue where a man was reportedly unconscious at the wheel of his vehicle. Officer Gillard observed appellant seated in the driver's seat of a vehicle stopped in the center lane, impeding the flow of traffic. Unidentified persons standing at a nearby bus shelter handed the appellant's vehicle keys to Officer Gillard who then suspected that the appellant was under the influence of alcohol.[2]
{¶ 4} Officer Gillard discovered the appellant asleep and testified that upon opening the vehicle door, he smelled a strong odor of alcohol. Officer Gillard testified that he woke the appellant and that, based on his observations, the appellant was under the influence of alcohol. The appellant then became verbally abusive and refused to perform field sobriety tests. After questioning the appellant, Officer Gillard ruled out a medical condition as the cause of his unconsciousness and noted that the vehicle had not been involved in an accident. Officer Gillard proceeded to arrest the appellant who further refused to perform a BAC examination at the Fifth District police station.
{¶ 5} At the suppression hearing, the appellant argued that Officer Gillard did not witness the appellant operating the vehicle and that therefore, he lacked probable cause to arrest him. The trial court ruled that, based upon the totality of the circumstances, there existed probable cause to arrest the appellant and overruled appellant's motion to suppress the evidence.
{¶ 6} At trial, Officer Gillard further testified that he attempted to wake the appellant by first knocking on the driver's side window, then by opening the door and shaking appellant, and finally by rubbing his knuckles on the appellant's sternum. Officer Gillard then testified that he observed additional signs of intoxication, including that appellant's eyes were glassy, he was unsteady, wobbly, needed assistance walking and was "out of it."
{¶ 7} The appellant presents two assignments of error for our review.
 I. {¶ 8} THE TRIAL COURT ERRED IN NOT SUPPRESSING THE EVIDENCE OBTAINED AS THE RESULT OF THE ARREST OF APPELLANT WITHOUT PROBABLE CAUSE.
{¶ 9} This court set forth the standard of review of a trial court's judgment with regard to a motion to suppress in State v.Curry (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172. We stated:
 {¶ 10} In a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate witness credibility. State v. Clay (1973), 34 Ohio St.2d 250, 298 N.E.2d 137. A reviewing court is bound to accept those findings of fact if supported by competent, credible evidence. See State v. Schiebel (1990), 55 Ohio St.3d 71, 564 N.E.2d 54. However, without deference to the trial court's conclusion, it must be determined independently whether, as a matter of law, the facts meet the appropriate legal standard. State v. Claytor (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906.
{¶ 11} The Fourth Amendment to the United States Constitution provides:
 {¶ 12} The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but on probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
{¶ 13} The appellant contends that his Fourth Amendment right to be secure from unreasonable search and seizure was violated because there was no probable cause to support his arrest. The appellant argues that, because his keys were not found in the ignition, the officer lacked probable cause to believe he was operating the vehicle or that any intoxication coincided with his prior operation of the vehicle.
{¶ 14} The appellant relies on State v. Finch (1995),24 Ohio App.3d 38, 492 N.E.2d 1254, syllabus, for the proposition that there was no probable cause to believe he was operating his vehicle while intoxicated. In State v. Finch, the court stated:
 {¶ 15} Where a police officer had not observed the arrestee driving in an erratic or unsafe manner, had not witnessed impaired motor coordination, and had not instructed the arrestee to perform field sobriety tests, the officer did not have probable cause to arrest the driver for violation of R.C. 4511.19; i.e., the mere appearance of drunkenness (bloodshot eyes, slurred speech, the odor of alcohol) is not sufficient to constitute probable cause for arrest for driving under the influence.
{¶ 16} We distinguish State v. Finch as, here, the appellant refused to submit to field sobriety tests and the BAC examination and Officer Gillard observed the appellant parked illegally. Even so, based upon the totality of the circumstances surrounding the arrest, probable cause may exist beyond the mere appearance of drunkenness. See, City ofCleveland v. Gibson, Cuyahoga App. No. 79657, 2001-Ohio-4185. "Cumulative facts and circumstances sufficient to justify a prudent person's belief that an offense has been committed will support a finding of probable cause for an arrest." City of Brookpark v. Seidner (Nov. 12, 1998), Cuyahoga App. No. 73648, at 8.
{¶ 17} Thus, in determining whether the police had probable cause to arrest a court must consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence. Beck v.Ohio (1964), 379 U.S. 89, 91, 85 S.Ct. 223; State v. Homan,89 Ohio St.3d 421, 427, 2000-Ohio-212, 732 N.E.2d 952. This determination is based upon the "totality" of facts and circumstances surrounding the arrest. Id.; State v. Miller (1997), 117 Ohio App.3d 750, 761,691 N.E.2d 703; State v. Brandenburg (1987), 41 Ohio App.3d 109, 111,534 N.E.2d 906.
{¶ 18} We previously determined, "[a] traffic stop based on probable cause that a traffic violation has occurred is not unreasonable under the Fourth Amendment to the United States Constitution." City ofNorth Royalton v. Naujoks (Aug. 21, 2001), Cuyahoga App. No. 78470.
{¶ 19} We find that Officer Gillard had probable cause to stop and detain appellant based upon his observation of the appellant stopped in an intersection and impeding the flow of traffic. See, State v. Williams
(1994), 94 Ohio App.3d 538, 641 N.E.2d 239. In order to remedy the traffic violation, Officer Gillard was justified in attempting to wake the appellant by first knocking on the window and then by opening the vehicle door and using physical means.
{¶ 20} Further, the officer had a reasonable suspicion that the appellant was operating the vehicle under the influence of alcohol based upon his testimony that he observed the following: at approximately 1:00 a.m. the appellant was found asleep behind the wheel; the appellant's vehicle was stopped incorrectly within an intersection and impeding the flow of traffic; it was necessary for him to make several progressively stronger attempts to awaken the appellant; a strong odor of alcohol emanated from both the appellant and the vehicle; the appellant was glassy-eyed and had an unsteady gait. See, City of North Royalton v.Naujoks, supra, at 5-6.
{¶ 21} Based upon the totality of the facts and circumstances, there exists competent and credible evidence to support the trial court's finding of probable cause to arrest despite the fact that the appellant's keys were not found in the ignition. See State v. Baker (Dec. 8, 1999), Licking App. No. 99CA00047. Accordingly, the appellant's first assignment of error is overruled.
 II. {¶ 22} APPELLANT'S CONVICTION FOR DRIVING UNDER THE INFLUENCE WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.
{¶ 23} Within this assignment of error, appellant challenges thesufficiency of the evidence supporting his conviction. The appellant contends that no evidence exists to establish that he operated the vehicle under the influence of alcohol in violation of C.C.O. 433.01(A)(1).
{¶ 24} When reviewing a challenge to the sufficiency of evidence,
an appellate court must view the evidence in a light most favorable to the prosecution and determine if any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, at paragraph two of the syllabus, citing Jackson v. Virginia (1979),443 U.S. 307, 99 S.Ct. 2781. Thus, a reviewing court will not overturn a conviction for insufficiency of the evidence unless we find that reasonable minds could not reach the conclusion reached by the trier of fact. State v. Treesh (2001), 90 Ohio St.3d 460, 484, 739 N.E.2d 749.
{¶ 25} Moreover, the credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
{¶ 26} C.C.O. 433.01 (A)(1) provides:
 {¶ 27} (A) Operation. No person shall operate any vehicle within the City, if any of the following apply:
 {¶ 28} (1) The person is under influence of alcohol, a drug of abuse, or alcohol and a drug of abuse.
{¶ 29} Faced with similar facts to those of the instant case, the Ohio Supreme Court, in State v. Gill, 70 Ohio St.3d 150, 1994-Ohio-403,637 N.E.2d 897, syllabus, held:
 {¶ 30} [a] person who is in the driver's seat of a motor vehicle with the ignition key in the ignition and who, in his or her body has a prohibited concentration of alcohol, is `operating' the vehicle within the meaning of R.C. 4511.19 whether or not the engine of the vehicle is running. (State v. Cleary
[1986], 22 Ohio St.3d 198, 22 OBR 351, 490 N.E.2d 574; State v. McGlone [1991], 59 Ohio St.3d 122, 570 N.E.2d 1115, applied and followed.)
{¶ 31} The appellant relies on State v. Gill, for the proposition that he was not operating the vehicle, as required for conviction under C.C.O. 443.01, as his keys were not found in the ignition.
{¶ 32} It is well established that the term operate is broader than merely driving a vehicle. State v. Gill. A person is operating a vehicle in violation of R.C. 4511.19 when the occupant is found intoxicated and sleeping in the driver's seat, with the keys in the ignition, regardless of whether the engine is running or not. Id. The State is not required to prove that the appellant had started the vehicle's engine after consuming alcohol or that the engine was running at the time the appellant was arrested. Id. The Ohio Supreme Court has held that a person is operating a motor vehicle when he has the potential to cause it to move. Id.
{¶ 33} Applying the foregoing, we find that the state demonstrated that the appellant operated the vehicle while under the influence of alcohol. The question is not limited to whether the appellant could operate the vehicle under the influence of alcohol with the potential for movement, but also includes whether he operated the vehicle while intoxicated to the point at which he was discovered unconscious behind the wheel. See, Metroparks v. Pannent (Sept. 23, 1999), Cuyahoga App. No. 74448. The record reveals that a concerned citizen walked to the Fifth District police department and reported the appellant passed out in his vehicle in the intersection. At the time the radio assignment was broadcast, Officer Gillard was just leaving the department and immediately responded to the location which was only one block away. Upon arrival at the scene, a male at a nearby bus stop approached Officer Gillard and handed him the appellant's keys. After the appellant was awakened, he refused to perform field sobriety tests and later refused to perform the breathalyzer examination.
{¶ 34} The appellant does not claim that the vehicle was inoperable or disabled due to mechanical problems, but rather contends that the vehicle was inoperable because the keys were not found in the ignition at the time of his arrest. In this instance, we do not find this fact to be determinative of whether the appellant operated the vehicle for purposes of C.C.O. 433.01. Furthermore, inoperability is a defense upon which the appellant bears the burden of proof. State v. Mackie
(1998), 128 Ohio App.3d 167, 714 N.E.2d 405.[3]
{¶ 35} In City of Independence v. Clark, Cuyahoga App. Nos. 76869, 2001-Ohio-4127, we reviewed the issue and found that it is not required in all situations that the vehicle keys be located in the ignition in order to constitute "operation" under R.C. 4511.19. We stated:
 {¶ 36} Even if there was insufficient evidence that appellant was operating the vehicle when the police arrived, there were facts proving that appellant was intoxicated when he parked the vehicle on the ramp. Circumstantial evidence can demonstrate that the defendant was intoxicated when he drove the truck into its current position.
{¶ 37} See also, State v. Baker, supra.
{¶ 38} It has also been held that a person who is asleep and has possession of the keys is operating the vehicle, even if the keys are not in the ignition. State v. Lewis (1999), 131 Ohio App.3d 229,722 N.E.2d 147.
{¶ 39} In State v. Mackie, the court found that:
 {¶ 40} The focus should not be narrowly upon the mechanical condition of the car when it comes to rest, but upon the status of its occupant and the nature of the authority he or she exerted over the vehicle in arriving at the place from which, by virtue of its inoperability, it can no longer move. Where as here, circumstantial evidence permits a legitimate inference that the car was where it was and was performing as it was because of the defendant's choice, it follows that the defendant was in actual physical control. To hold otherwise could conceivably allow an intoxicated driver whose vehicle was rendered inoperable in a collision to escape prosecution.
{¶ 41} Similarly, we find the focus to be whether the appellant operated the vehicle to the point at which it came to rest, not whether the vehicle was inoperable because the keys were held by a bystander. The appellant was discovered asleep behind the wheel in the driver's seat while parked in an intersection, causing traffic to move around him. Circumstantial evidence permits the inference that the appellant was in physical control of his vehicle when he stopped it in the intersection before falling asleep. The inference may be drawn that the concerned citizen removed the keys from the ignition when he was unable to rouse the appellant so that he could prevent the appellant from further operating the vehicle.
{¶ 42} Based on the testimony of Officer Gillard, the jury could have reasonably found that the appellant was intoxicated. If the jury believed that the appellant was intoxicated at the time he was awakened, the jury could have also believed that the appellant was under the influence of alcohol at the time he operated the vehicle into the stopped position in the intersection, regardless of whether a concerned citizen then removed the keys from the ignition.
{¶ 43} Based on the above, and viewing the facts in the light most favorable to the prosecution, reasonable minds could have reached the conclusion that appellant operated his vehicle under the influence of alcohol. Therefore, we find that the appellant's conviction is supported by sufficient evidence and appellant's second assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J., AND TERRENCE O'DONNELL, J., CONCUR.
[1] C.C.O. 433.01, comparable to R.C. 4511.19.
[2] Information regarding the unidentified persons was not taken at the scene and they were subsequently not called as witnesses in this matter.
[3] Discretionary appeal not allowed by State v. Mackie (1998),82 Ohio St.3d 1453, 695 N.E.2d 1150.