OPINION
{¶ 1} Scott Zimmerman appeals from his conviction in the Dayton Municipal Court after a bench trial of operating a vehicle while under the influence of alcohol and failure to control his automobile.
 {¶ 2} The facts underlying this appeal are set out in the State's briefs and are fully supported by our review of the trial record.
 {¶ 3} On June 9, 2001, at approximately 2:30 a.m., Dayton Police Officer Eric Hamby ("Hamby") was dispatched to an injury accident at the corner of Hearthstone Drive and Elliot Drive in Dayton, Montgomery County, Ohio. He arrived at the scene within three to five minutes of the dispatch. When he arrived at the scene, he observed a truck in a front yard, up against a house. He described the house as a brick house and stated that the brick was damaged. "It looked like it had been knocked off the foundation a little bit." Hamby testified that the truck was sitting right on the corner of the house and there was severe damage to the front end of the truck.
 {¶ 4} The officer noted that there were tire skid marks in the front yard and testified that from the position of the truck and the skid marks, that the truck was traveling southbound on Hearthstone when it came into the yard, struck the house and slid to the right. Hamby approached the truck and found appellant inside. The officer noted that appellant had an injury on his head and that he attempted to open the driver's side door and remove him from the truck. This required that Hamby bend the metal and pry the door to open it. He testified that there was no evidence that anyone else had pried the door open.
 {¶ 5} Hamby stated that he smelled a very strong smell of an alcoholic beverage about appellant, and stated that appellant was disoriented. The officer asked appellant if he had anything to drink, and appellant responded that he had a "couple of beers." Hamby noted that appellant's speech was slurred and that he had blood shot eyes.
 {¶ 6} Before being removed from the truck, appellant was seated inside on the bench seat on the driver's side, but slightly toward the center of the truck. Officer Hamby testified that appellant was not in the passenger seat, but was partially behind the steering wheel with the ignition running. The passenger side of the windshield was broken. There were no other persons in the vehicle when the officer arrived on the scene. There was no indication that anyone else had been in the vehicle, or that anyone had gotten out of the vehicle and ran away. There was no indication that anyone else had tried to get out of the driver's side door. There were no field sobriety tests administered because of the severe injuries suffered by appellant.
 {¶ 7} Appellant's only witness was his mother, who was not at the scene of the accident and did not witness the accident. She said that she saw him at 12:30 in the afternoon on June 9, 2002, ten hours after the police responded to the accident. She testified to the injuries she observed on that day, including a neck brace, a bandage on his head for a cut, two broken femurs, and a broken ankle. She testified that even by the day of trial, appellant couldn't walk, and needed assistance in and out of bed and in the bathroom. At the close of the case for the State of Ohio the appellant moved for a Crim.R. 29 acquittal. The motion was granted as to driving without a valid operator's license, and overruled as to the other charges. The motion was not renewed at the end of appellant's case.
 {¶ 8} In finding Zimmerman guilty, the trial court made the following findings:
 {¶ 9} "This cause came before the court for trial on August, 2002. Defendant was present and represented by counsel. After trial, the court took the matter under advisement for clarity on a couple of issues.
 {¶ 10} "The defendant was charged with driving while under the influence of alcohol in violation of ORC § 4511.19 and failure to control in violation of RCGO § 71.1802.
 {¶ 11} "The Dayton Police were dispatched to the scene of a one-car accident. Tire marks led from the road to the vehicle that was driven into a house with force strong enough to knock several bricks from the foundation. The defendant was found in his truck sitting in the front bench seat not totally under the steering wheel. The front windshield passenger side was completely out and the defendant was bleeding profusely from the forehead. The officer noticed the smell of alcohol and the defendant admitted to drinking a `couple of beers.' His eyes were bloodshot and his words were slurred. The key was in the ignition and the engine was running. It was necessary to pry the driver's door open to reach the defendant. There was no evidence that anyone else had been in the truck. The passenger side door was closed.
 {¶ 12} "Defendant did not submit to the breathalyzer and his blood was not analyzed. The police did not administer field sobriety tests or the horizontal gaze nystagmus test due to the defendant's injuries.
 {¶ 13} "Courts have held that this is sufficient evidence to sustain a guilty finding. (See State v. Finch (1985), 24 Ohio App.3d 38;City of Mentor v. Woodside 1998 WL 172811 (Ohio App. 11 Dist.); State v.Robinson 2001 WL 1142050 (Ohio App.2d Dist.)"
 {¶ 14} In his first assignment of error, Zimmerman argues that his conviction is against the manifest weight of the evidence. Zimmerman argues that the State failed to present any evidence that he was operating the truck at the time it struck the house. Secondly, he argues that there was no evidence that he was under the influence of alcohol. He contends it is not against the law in Ohio to drive an automobile smelling of alcohol with bloodshot eyes, flushed face or slurred speech. Lastly, he contends that if someone else was driving the truck, he or she could have exited the truck before the police arrived.
 {¶ 15} The State argues that the conviction was not against the manifest weight of the evidence because there was strong circumstantial evidence that Zimmerman was operating his truck at the time it struck the house. The State notes that the defendant was seated behind the steering wheel slightly to the right consistent with the evidence the truck slid to the right just prior to impact with the house. The State notes that while the officer did not know the precise time the accident occurred, Zimmerman's truck was still running when he arrived at the scene. The State also notes that Zimmerman did not claim anyone else was driving his truck and in any event the phantom driver would have had to crawl over the severely injured Zimmerman to exit the vehicle since the driver's door was jammed shut when the police arrived.
 {¶ 16} The State notes that Officer Eric Hamby smelled a very strong odor of alcohol about Zimmerman and noted that he was disoriented, that his speech was slurred, and that he had bloodshot eyes. The State also notes that the bizarre nature of the accident was consistent with Zimmerman operating his truck while under the influence of alcohol.
 {¶ 17} In discussing the proper role of a court of appeals in determining whether a judgment is against the manifest weight of the evidence, the Ohio Supreme Court in State v. Thompkins (1997),78 Ohio St.3d 380, at 387 noted:
 {¶ 18} "Although a court of appeals may determine that a judgment of the trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. * * *Weight of the evidence concerns the greater amount ofcredible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amountof credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effectin inducing belief.
 {¶ 19} "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the fact finder's resolution of the conflicting testimony.
 {¶ 20} "* * * See, also, State v. Martin (1983), 20 Ohio App.3d 172, 20 Ohio B. Rep. 215, 219, 485 N.E.2d 717, 720-721. (`The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.')"
 {¶ 21} An intoxicated person seated in the driver's seat of a parked vehicle with the key in the ignition is operating a motor vehicle.State v. McGlone (1991), 59 Ohio St.3d 122.
 {¶ 22} Generally, each "drunken driving" case is to be decided on its own particular and peculiar facts. Mentor v. Giordano (1967),9 Ohio St.2d 140. We find the State's argument persuasive in this case. The circumstantial evidence in this case points strongly to the defendant's guilt. The suggestion that someone else other than the defendant was operating the defendant's truck and left the defendant in the condition the police found him is simply not plausible.
 {¶ 23} There was substantial probative and reliable evidence that the defendant was under the influence of alcohol when he drove his truck into the house foundation. That evidence also supported his conviction for failing to control his truck as required by law.
 {¶ 24} "[B]eing `under the influence' of alcohol or intoxicating liquor means that the accused must have consumed some intoxicating beverage, whether mild or potent, and in such a quantity, whether small or great, that the effect thereof on him was to adversely affect his actions, reactions, conduct, movements or mental processes, or to impair his reactions, under the circumstances then existing so as to deprive him of that clearness of the intellect and control of himself which he would otherwise possess." State v. Steele (1952), 95 Ohio App. 107, 111 (driver who was confused and bewildered at the scene, did not talk coherently, was weaving, staggering, or swaying, had a strong odor of alcoholic beverages on his breath and admitted to having two or three bottles of beer was found to be under the influence).
 {¶ 25} The appellant's first assignment of error must be overruled.
 {¶ 26} In his second assignment, Zimmerman contends the trial court erred in overruling his motion for acquittal made at the conclusion of the State's case in chief. The defendant did lodge a Crim.R. 29 acquittal motion at the conclusion of the State's case. Pursuant to Crim.R. 29, a trial court must determine "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Williams (1996), 74 Ohio St.3d 569,576. To determine whether the State's evidence is sufficient for a conviction, a court must determine whether the prosecution has presented adequate evidence on each element of the offense to sustain the verdict as a matter of law. State v. Thompkins (1977), 78 Ohio St.3d 380, 396.
 {¶ 27} The only fact not demonstrated by the State was who owned the vehicle the defendant was discovered in at the time of the accident. The defendant's mother answered that question with her testimony that her son asked her to take photographs of "his" damaged truck. While ownership of the vehicle is not a prerequisite for convicting its operator of operating a motor vehicle while under the influence of alcohol, ownership is relevant in determining whether the defendant likely operated the vehicle in question. In construing the trial court's ruling on a Crim.R. 29(A) motion, a reviewing court must construe the State's evidence in a light most favorable to the State. State v. Wolfe (1988),51 Ohio App.3d 215. A rational trier of fact could have concluded that the defendant operated the truck while under the influence of alcohol without the State presenting evidence of the truck's ownership. A rational trier of fact could have concluded that he failed to control his truck as well.
 {¶ 28} The appellant's second assignment of error is likewise overruled.
 {¶ 29} Judgment of the trial court is Affirmed.
FAIN, P.J., and WOLFF, J., concur.