OPINION
{¶ 1} The issue this appeal presents is whether the facts, the truth of which Defendant, Waymon Cochran, admitted in his plea of no contest per Crim.R. 11(B)(2), were sufficient as a matter of law for the court to find him guilty of the misdemeanor offense of which he was convicted. *Page 2 
 {¶ 2} Defendant was convicted of a violation of R.C. 4510.16(A). That section provides, in pertinent part: "No person, whose driver's license . . . has been suspended . . . pursuant to Chapter 4509 of the Revised Code, shall operate any motor vehicle within this state . . ." R.C.4509.101 prohibits operation of a motor vehicle without proof of financial responsibility.
 {¶ 3} R.C. 2937.07 sets out the action the court may take on pleas of guilty or no contest in misdemeanor cases. That section provides:
 {¶ 4} "If the offense is a misdemeanor and the accused pleads guilty to the offense, the court or magistrate shall receive and enter the plea unless the court or magistrate believes that it was made through fraud, collusion, or mistake. If the court or magistrate so believes, the court or magistrate shall enter a plea of not guilty and set the matter for trial pursuant to Chapter 2938. of the Revised Code. Upon receiving a plea of guilty, the court or magistrate shall call for an explanation ofthe circumstances of the offense from the affiant or complainant or theaffiant's or complainant's representatives. After hearing the explanation of circumstances, together with any statement of the accused, the court or magistrate shall proceed to pronounce the sentence or *Page 3 
shall continue the matter for the purpose of imposing the sentence. "A plea to a misdemeanor offense of `no contest' or words of similar import shall constitute a stipulation that the judge or magistrate may make afinding of guilty or not guilty from the explanation of thecircumstances of the offense. If a finding of guilty is made, the judge or magistrate shall impose the sentence or continue the case for sentencing accordingly. A plea of `no contest' or words of similar import shall not be construed as an admission of any fact at issue in the criminal charge in any subsequent civil or criminal action or proceeding." (Emphasis supplied).
 {¶ 5} At the plea hearing the State introduced into evidence State's Exhibit 1, a certified copy of Defendant's driving record from the Bureau of Motor Vehicles, which shows that on the date of the offense, April 11, 2007, Defendant was under a financial responsibility law (FRA) suspension. In addition, the prosecutor read into the record at the plea hearing an explanation of the facts and circumstances surrounding the offense to which both parties stipulated:
 {¶ 6} "Ms. Musto: On April 11th of `07, he was apprehended at Salem and Grand Avenue in a grassy area. The area was patrolled and noticed a white van parked in a grassy area just off of West Grand at Salem. *Page 4 
 {¶ 7} "Upon investigation, it was found that the driver had no driver's license, and he's in the van in the front passenger — driver's side with the van running and the keys in the ignition.
 {¶ 8} "The Court: And when you say he, are you referring to the Defendant here.
 {¶ 9} "Ms. Musto: The Defendant, Your Honor.
 {¶ 10} "The Court: Are you satisfied with that?
 {¶ 11} "Mr Cromley: Well, that and what specifically we're trying to stipulate is that the officer did not observe him moving the van, and there is a reason for that, and we're going to enter a no contest plea and we're going to seek an appeal based on the change of the law, the definition of operate, which they changed the law of OVI, I think it should change the definition for the DUS and no OL as that was the basis for the original definition.
 {¶ 12} "So we're going to enter a no contest plea on those stipulated facts and my statement, and then I'll ask the Court to stay the disposition for 30 days pending filing of Notice of Appeal.
 {¶ 13} "The Court: But you will admit that at this time the definition as it's defined on driving a motor vehicle-
 {¶ 14} "Mr. Cromley: Yes, it's my understanding that that *Page 5 
definition has stayed the same. It's not been addressed on appeal and has not changed.
 {¶ 15} "The Court: And under those facts it would meet that definition?
 {¶ 16} "Mr. Cromley: Right.
 {¶ 17} "The Court: Is that your understanding?
 {¶ 18} "Ms. Musto: Yes, Your Honor. And I apologize. I said Grand and Salem. It's Grand and Main where it occurred."
 {¶ 19} The court accepted Defendant's no contest plea, found him guilty, and entered a judgment of conviction for Defendant's violation of R.C. 4510.16(A). Defendant was sentenced to one hundred and eighty days in jail, with one hundred and seventy-nine days suspended and credit for one day served. The court also imposed a fine of two hundred dollars plus court costs, and placed Defendant on one year of unsupervised probation.
 {¶ 20} Defendant filed a timely notice of appeal.
ASSIGNMENT OF ERROR
 {¶ 21} "THE TRIAL COURT ERRED IN THAT THERE WERE INSUFFICIENT FACTS FOR THE COURT TO FIND THE DEFENDANT GUILTY UPON HIS NO CONTEST PLEA."
 {¶ 22} R.C. 2937.07 confers a substantive right. City of CuyahogaFalls v. Bowers (1984), 9 Ohio St.3d 148. Therefore, *Page 6 
a no contest plea may not be the basis of a finding of guilty absent an explanation of circumstances put before the court which demonstrates the elements of the offense. Id; State v. Jasper, Greene App. No. 2005-CA-98, 2006-Ohio-3197.
 {¶ 23} Conviction for a violation of R.C. 4510.16(A) requires a finding that the accused operated a motor vehicle. In a line of cases involving OMVI violations, the courts have held that the term "operate" is broader than merely driving or causing movement of a motor vehicle, and is satisfied by evidence that an accused was found in the driver's seat of a motor vehicle, with the ignition key in the ignition, whether or not the engine of the vehicle was running. State v. Gill,70 Ohio St.3d 150, 1994-Ohio-403; State v. Cleary (1986), 22 Ohio St.3d 198;State v. McGlone (1991), 59 Ohio St.3d 122.
 {¶ 24} Defendant argues that the judicial interpretation of "operate" has been legislatively superseded by the enactment of R.C. 4511.01(HHH), which became effective on January 1, 2004. That section states: "`Operate' means to cause or have caused movement of a vehicle, streetcar, or trackless trolley."
 {¶ 25} We agree that R.C. 4501.01(HHH) supersedes the prior judicial definition of "operate" in State v. Gill and cases that have relied on its holding. We are not, however, *Page 7 
necessarily convinced that it requires a different quantum of proof when, as here, the accused is found in the driver's seat of a vehicle with the key in the ignition. Those facts are circumstantial evidence that the accused operated the vehicle to bring it to the place where it was found, and circumstantial and direct evidence inherently possess the same probative value. State v. Jenks (1991), 61 Ohio St.3d 259. In addition, in the present case, the vehicle's motor was running.
 {¶ 26} We need not resolve that issue in order to determine the error assigned, however. The definition of "operate" in R.C. 4511.01(HHH) is part of an extensive definitional section, R.C. 4511.01, which contains the following preamble: "As used in this chapter and in Chapter 4513 of the Revised Code." By those terms, the definition of "operate" in R.C.4511.01(HHH) does not apply to or limit the violation of R.C. 4510.16(A) of which Defendant was convicted.
 {¶ 27} The trial court did not err in relying on the rule of State v.Gill in relation to the circumstances of the offense that was put before it, to find that Defendant had operated a motor vehicle in Ohio while under an FRA suspension, and convicted Defendant of a violation of R.C.4510.16(A) on his plea of no contest. The assignment of error *Page 8 
is overruled. The judgment of the trial court will be affirmed.
DONOVAN, J. And GLASSER, J., concur.
(Hon. George M. Glasser, retired from the Sixth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Amy Musto, Esq.
William Daly, Esq.
Hon. Dennis J. Greaney
 Acting Judge Thomas L. Hagel *Page 1