[Cite as *Cleveland v. Perez*, 2011-Ohio-3466.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95641**

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## PEDRO PEREZ

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2010 TRD 015568

**BEFORE:**     Blackmon, J., Kilbane, A.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** July 14, 2011
-i-

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Public Defender
Cuyahoga County

John T. Martin
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Robert L. Triozzi
Law Director

Victor Perez
Prosecutor, City of Cleveland
Karrie D. Howard
Assistant City Prosecutor
1200 Ontario Street, 8th Floor
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, .J.:

{¶ 1} Appellant Pedro Perez appeals his conviction for driving under suspension following a bench trial in the Cleveland Municipal Court. Perez assigns the following errors for our review:

**"I. The evidence is insufficient to sustain the conviction."**

**"II. Assuming, *arguendo*, that it was offered for its truth, the trial court improperly admitted hearsay evidence regarding the existence of a license suspension."**

**"III. The conviction is contrary to the manifest weight of the evidence."**

**{¶ 2}** Having reviewed the record and pertinent law, we reverse Perez's conviction. The apposite facts follow.

**{¶ 3}** On March 11, 2010, Officer Mathias Varga of the Cleveland Police Department issued a citation to Perez for driving under suspension ("DUS"). On March 15, 2010, Perez pleaded not guilty at his arraignment. Perez subse-quently requested a bench trial, which was conducted on May 26, 2010.

**{¶ 4}** At the trial, Officer Varga testified that on March 11, 2010, at approximately 9:20 p.m., he and his partner were refueling their patrol car at a service station on Pearl and Forestdale Roads, when they heard the voices of screaming women. Upon investigating, one of the women told Officer Varga that a Hispanic male pointed a gun at her and wanted to fight. The second woman told the officers that the male was in a vehicle described as a white Toyota.

**{¶ 5}** The officers drove around the corner to West 22nd Street, where they saw a vehicle matching the description. Officer Varga observed Perez enter the driver's side of the vehicle, but immediately exited when he saw the patrol car. Officer Varga and his partner exited the patrol car with their

service revolvers drawn and approached the white Toyota. Perez immediately raised his hands and declared to the officers that the gun was in the trunk of the car.

{¶ 6} Officer Varga further stated that the engine of the white Toyota was running when Perez entered and exited the vehicle. Finally, Officer Varga learned from witnesses that a second Hispanic male, listed in his police report as "arrested male #2," was the one driving the car during the initial confrontation with the women.

{¶ 7} At the close of the City's case, Perez asked the court for judgment of acquittal. The trial court denied the motion, found him guilty, and continued the matter for sentencing. On July 19, 2010, the trial court sentenced Perez to 180 days in jail, gave him credit for 121 days, and suspended the remaining 59 days. The trial court also fined Perez $1,000, but suspended it along with the court costs, and placed him on one year of inactive probation. Perez now appeals.

## Sufficiency of Evidence

{¶ 8} We will address the first and second assigned errors together because they both involve the sufficiency of the evidence. Perez argues there was insufficient evidence to  support his conviction, specifically that there

was no evidence to prove that he "operated" a motor vehicle, nor any substantive evidence that his license was suspended. We agree.

{¶ 9} Crim.R. 29 mandates that the trial court issue a judgment of acquittal where the state's evidence is insufficient to sustain a conviction for the offense. Crim.R. 29(A) and sufficiency of evidence review require the same analysis. *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386.

{¶ 10} In analyzing the sufficiency issue, the reviewing court must view the evidence "in the light most favorable to the prosecution" and ask whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Mitchell*, Cuyahoga App. No. 95095, 2011-Ohio-1241, quoting *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560. See, also, *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus; *State v. Carter* (1995), 72 Ohio St.3d 545, 651 N.E.2d 965.

{¶ 11} Perez directs our attention to R.C. 4511.01(HHH), which provides: "'Operate' means to cause or have caused movement of a vehicle, street car or trackless trolley."

{¶ 12} Initially, we note a long line of cases involving OMVI or DUS violations have held that the term "operate" is broader than merely driving or

causing movement of a motor vehicle, and is satisfied by evidence that an accused was found in the driver's seat of a motor vehicle, with the key in the ignition, whether or not the engine of the vehicle was running. *State v. Cochran*, 2d Dist. No. 22240, 2008-Ohio-3612, quoting *State v. Cleary* (1986), 22 Ohio St.3d 198, 199, 490 N.E.2d 574. See, also, *State v. McGlone* (1991), 59 Ohio St.3d 122, 570 N.E.2d 1115.

{¶ 13} In *State v. Gill*, 70 Ohio St.3d 150,1994-Ohio-403, 637 N.E.2d 897, the Ohio Supreme Court expanded the definition of "operate" to include situations where the keys are in the ignition but the engine is not running.

{¶ 14} But in S.B.123, the General Assembly modified the definition in *Gill* and its predecessors by specifically defining "operate" in R.C. 4511.01(HHH), as well as by adding the words "at the time of the operation" to R.C. 4511.19(A)(1). *State v. Schultz*, Cuyahoga App. No. 90412, 2008-Ohio-4448; *State v. Wallace*, 166 Ohio App.3d 845, 848-849, 2006-Ohio-2477, 853 N.E.2d 704.

{¶ 15} Effective January 1, 2004, the term "operate," as used in R.C. Chapter 4511, "means to cause or have caused movement of a vehicle * * *." R.C. 4511.01(HHH). "Where the words of a statute are free of ambiguity and express plainly and distinctly the sense of the lawmaking body, the courts should look no further in their efforts to interpret the intent of the

General Assembly." *Columbus v. Freeman*, 181 Ohio App.3d 320, 2009-Ohio-1046, 908 N.E.2d 1026, quoting *State v. Smorgala* (1990), 50 Ohio St.3d 222, 223, 553 N.E.2d 672.

{¶ 16} In the instant case, despite the running engine, there was no evidence presented that Perez caused movement of the vehicle. Officer Varga testified that he observed Perez enter the driver's seat of the vehicle, but Perez immediately exited upon seeing the activated sirens of the patrol car. Officer Varga's testimony established that Perez caused no movement of the vehicle.

{¶ 17} Further, at trial, Officer Varga testified in pertinent part as follows:

> **"Q.** **In your report, the third paragraph, which I've made a mark by, you write that you interviewed some witnesses, correct?**
>
> **A.** **Uh-huh.**
>
> **Q.** **That those witnesses told you that Male Number 2 was the driver of the vehicle, correct?**
>
> **A.** **During the incident Male Number 2 was the one driving it around. Male Number 2 was driving it around while he [Perez] was terrorizing the people.**
>
> **Q.** **No witnesses told you that arrested Male Number 1, Mr. Perez, was driving, correct?**
> **A.** **No.**
>
> **Q.** **No one you interviewed said he was the driver.**

**A.** **The only person who saw him in the car, in the driver seat, was my partner and I."**   Tr. 13-14.

{¶ 18} Here, the witnesses specifically indicated that "arrested male # 2" drove the vehicle during the incident.   The incident happened within moments of the officers' response and discovery of the vehicle around the corner from the gas   station.   It was within this one minute time frame that the officers observed Perez make a split-second appearance into the driver's side of the vehicle.

{¶ 19} Applying the definition of "operate" as it has now evolved, to the specific facts of the instant case, we conclude that Perez was not operating the vehicle as that term is defined by law.

{¶ 20} We also conclude that there was no substantive evidence presented that Perez's license was actually suspended at the time he was observed entering and then immediately exiting the white Toyota.   At trial, the following exchange took place:

**"Q.** **Officer, how were you informed that the defendant's license was suspended?**

**A.** **We would have either ran them on M.D.T. —**

**Ms. Scott:   Objection.   Hearsay.**

**The Court: Overruled.**

**A.** — or, we would have radio run them, and his vehicle was towed, so it would be on the report how I got the information. It would — it would have to go on the radio. To tow a car, I've got to get dispatcher to sign off on, you know, whatever vehicle Number was ran by dispatcher Smith on terminal blah, blah, blah, so I can't recall at this point if I ran it on the terminal on the car, or if the dispatcher told me via the radio." Tr. 15.

{¶ 21} At trial, the City prosecutor indicated that the above testimony explained why Officer Varga cited Perez for DUS. However, the trial court indicated that the officer relied on this testimony to determine Perez's guilt. Tr. 23. As such, this evidence is inadmissible.

{¶ 22} Evid.R. 801(C) defines "hearsay" as "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." *State v. Durham*, Cuyahoga App. No. 94747, 2011-Ohio-2256. However, Evid.R. 803(8) allows admission of the following as exceptions to the hearsay rule: "Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (a) the activities of the office or agency, or (b) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel * * *." *State v. Jaime*, Cuyahoga App. No. 94401, 2010-Ohio-5783.

**{¶ 23}** Here, the information that Officer Varga testified that he obtained from radio dispatch regarding the status of Perez's driver's license is inadmissible hearsay. *State v. Twomey* (Dec. 23, 1983), 1st Dist. Nos. C-830123 and C-830124. As such, that information should not have been relied on as substantial evidence of Perez's guilt.

**{¶ 24}** Thus, the City failed to present sufficient evidence to sustain Perez's conviction for DUS. Consequently, the trial court should have granted Perez's motion for acquittal. Accordingly, we sustain the first and second assigned errors.

**{¶ 25}** Having sustained Perez's first and second assigned errors, the remaining assigned error is moot. See App.R. 12(A)(1)(c).

Judgment reversed.

It is ordered that appellant recover of appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

MARY EILEEN KILBANE, A.J., and
COLLEEN CONWAY COONEY, J., CONCUR