[Cite as *State v. Stomps*, 2012-Ohio-3852.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                   :

     Plaintiff-Appellee                 :          C.A. CASE NO.    24785

v.                                              :          T.C. NO.    11TRD1054

THERESA D. STOMPS                               :          (Criminal appeal from
                                                        Municipal Court)

     Defendant-Appellant                :

                                                :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___24th___ day of ___August___, 2012.

. . . . . . . . . .

TROY B. DANIELS, Atty. Reg. No. 0084957, Assistant City Prosecutor, 335 W. Third Street, Room 372, Dayton, Ohio 45402
       Attorney for Plaintiff-Appellee

RUSS B. COPE, Atty. Reg. No. 0083845, 6826 Loop Road, Dayton, Ohio 45459
       Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

    **{¶ 1}**    Theresa Stomps was convicted of wrongful entrustment in violation of R.C.

4511.203(A)(1), in the Dayton Municipal Court. Theresa[1] filed an appeal in which she argued that her trial counsel had been ineffective in failing to adequately investigate the facts underlying the charge. Although we found that the argument raised in her brief was without merit, we concluded that an argument challenging the sufficiency of the evidence should have been raised; we ordered additional briefing on this issue.

{¶ 2} Theresa presents the following additional assignment of error in her "Amended Brief":

**The trial court committed reversible error by failing to sustain Appellant's Rule 29 motion.**

{¶ 3} An appellate court reviews the denial of a Crim.R. 29(A) motion using the same standard as is used to review a sufficiency of the evidence claim. *State v. Thaler*, 2d Dist. Montgomery No. 22578, 2008-Ohio-5525, ¶ 14. "A sufficiency of the evidence argument disputes whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law." *State v. Wilson*, 2d Dist. Montgomery No. 22581, 2009-Ohio-525, ¶ 10, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). When reviewing whether the State has presented sufficient evidence to support a conviction, the relevant inquiry is whether any rational finder of fact, after viewing the evidence in a light most favorable to the State, could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997).

---

[1] Because we will refer to both Theresa Stomps and her husband, Brian, we will use their first names to avoid confusion.

**{¶ 4}** Theresa was cited for wrongful entrustment on January 17, 2011, after her husband, Brian, was stopped for driving without a license and was arrested on an outstanding warrant. Theresa was charged under R.C. 4511.203(A)(1), which provides that "[n]o person shall permit a motor vehicle owned by the person or under the person's control to be driven by another if * * * [she] knows or has reasonable cause to believe that the other person does not have a valid driver's or commercial driver's license * * *."

**{¶ 5}** At trial, the State presented the testimony of the two Dayton police officers who arrested Brian for driving without a license and cited Theresa for wrongful entrustment. Officer James Wolpert testified that Brian was stopped on January 17, 2011, near Smithville and Cleveland Roads in Dayton driving a Ford F-150 truck. A computer search revealed that Brian did not hold a valid license and that there was a warrant for his arrest. (There was no testimony as to why Brian did not have a license.) Officer Theodore Trupp, Wolpert's partner that day, had personally entered notes in the computer system showing prior interaction with the vehicle and Brian's history of driving without a license, although there was no testimony as to when this interaction took place or why Brian did not have a license (e.g., expired or suspended). Officer Wolpert noted, however, that Brian had in his possession a "hard plastic" license that was not expired. Brian was taken to jail and the truck was towed.

**{¶ 6}** Because Theresa was listed as the registered owner of the truck, the officers proceeded to the Stompses' home after Brian was taken to jail.

**{¶ 7}** Theresa returned to the home a few minutes after the officers arrived. According to Officer Wolpert, when he asked Theresa whether she knew that her husband

had no valid driver's license, she stated that "she knew in the past that he did not have one. She said something like she thought that he was working on getting it back."

{¶ 8} At the end of the State's case, Theresa filed a Crim.R. 29 motion for acquittal, which was overruled.

{¶ 9} Theresa testified for the defense. She stated that she believed Brian had had a valid driver's license based on statements allegedly made by Dayton Municipal Court Judge Pickrel at a hearing a few months earlier. Theresa acknowledged that she had not been present at the hearing, but she understood that Judge Pickrel had said "that he didn't see why [Brian's] license would be suspended." Theresa stated that, after that time, she and Brian thought "everything was fine." Theresa estimated that Brian's appearance before Judge Pickrel had been three to six months before Brian's arrest. She also testified that Brian had a "hard plastic driver's license" in his possession.

{¶ 10} Theresa further testified that she had not known that Brian was driving the F-150 on the day of his arrest and had not given him permission to do so.

{¶ 11} On cross-examination, Theresa testified that she believed Brian's driver's license problems had been "cleared up a couple of years ago." She admitted, however, that Brian had had some "trouble" more recently than that, but that he had not been arrested. She was "not positive" whether Brian had been cited more recently for driving without a license, and she admitted that she did not know why Brian had been required to appear in Judge Pickrel's courtroom. Although Theresa asserted that she did not know Brian was driving the F-150 on January 17, 2011, and had not given him permission to do so, she admitted that she and Brian were the only ones with keys to the truck and that she had not

been alarmed to see that the truck was not at the house when she arrived there. Finally, Theresa testified that she "never saw anything [paperwork] either way" from the BMV prior to Brian's arrest regarding the status of his license, but that after his arrest they had received paperwork saying that his license was valid. (There was no testimony as to when it had become "valid.")

{¶ 12} Officer Wolpert's testimony that Brian's license was not "valid" was based on information he received from his computer; since Brian's not having a "valid" license was an element of the offense, this computer information was offered to prove the truth of the matter asserted and constituted hearsay. Evid.R. 801(C). *Cleveland v. Perez*, 8th Dist. Cuyahoga No. 95641, 2011-Ohio-3466, ¶ 22-23. The record does not include any proof that would allow the hearsay to be admitted pursuant to Evid.R. 803(8).

{¶ 13} Theresa was found guilty as charged. The trial court concluded that, "[b]ased on the evidence presented, it is the Court's finding that the State has met it's [sic] burden in showing beyond a reasonable doubt that Defendant knew or had reasonable cause to believe that her husband did not have a valid driver's license." (Emphasis sic.) In convicting Theresa, the trial court relied on Theresa's marriage to Brian and Brian's previous interaction with police officers while operating the truck as its bases for concluding that Theresa knew or had reasonable cause to believe that Brian did not have a valid driver's license.

{¶ 14} In its supplemental brief addressing the sufficiency of the evidence, the State concedes that the evidence offered at trial was insufficient to support the conclusion that Theresa permitted Brian to drive the truck. We agree. A reasonable finder of fact

6

could not have concluded, based on the evidence presented, and beyond a reasonable doubt, that Theresa knew or had reasonable cause to believe that her husband did not have a valid license, and that she had nonetheless given him permission to use her truck on that day.

**{¶ 15}** Theresa's assignment of error related to the denial of her Crim.R. 29 motion and the sufficiency of the evidence is sustained.

**{¶ 16}** The judgment of the trial court will be reversed, and Theresa's conviction will be vacated.

. . . . . . . . . .

GRADY, P.J. and DONOVAN, J., concur.

Copies mailed to:

Troy B. Daniels
Russ B. Cope
Hon. John S. Pickrel